STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

CHARLES D. ALEXIS

                        Plaintiff,

v.

TOWN OF CHEEKTOWAGA
CHEEKTOWAGA POLICE DEPARTMENT,
OFFICER EMIL F. DEVINCENTIS, and
JOHN DOE, Police Officer of the Town of
Cheektowaga, the identity of which is presently
unknown to Plaintiff and intended to describe
an officer present during the arrest of Plaintiff
on August 17, 2014

                        Defendants.

**COMPLAINT**

Index No.: 811231/2017

---

Plaintiff, CHARLES D. ALEXIS, by and through his attorneys, HOGANWILLIG, PLLC, as and for his Complaint against Defendants, TOWN OF CHEEKTOWAGA, CHEEKTOWAGA POLICE DEPARTMENT, OFFICER EMIL F. DEVINCENTIS, being a Police Officer of the Cheektowaga Police Department, and OFFICER JOHN DOE, being a Police Officer of the Cheektowaga Police Department whose identity is not yet known, alleges as follows:

## PARTIES AND JURISDICTION

1. At all times hereinafter mentioned, CHARLES D. ALEXIS ("Plaintiff"), was and still is a resident of the County of Erie and State of New York.

2. Upon information and belief, and at all relevant times stated herein, Defendant, TOWN OF CHEEKTOWAGA, was a municipal corporation organized and existing under the

{H1692903.1}                                                                2

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

3 of 11

laws of the State of New York, with principal offices at 3301 Broadway, Cheektowaga, New York 14227.

3. Upon information and belief, and at all relevant times stated herein, Defendant, CHEEKTOWAGA POLICE DEPARTMENT ("Cheektowaga Police Department"), was a department within Defendant, TOWN OF CHEEKTOWAGA ("Town of Cheektowaga"), with principal offices located at 3223 Union Road, Cheektowaga, New York 14227.

4. Upon information and belief, and at all relevant times stated herein, Defendants, OFFICER EMIL F. DEVINCENTIS ("Officer Devincentis") and OFFICER JOHN DOE ("Officer John Doe") were and presently are residents of the County of Erie, State of New York and were employees of Cheektowaga Police Department.

5. Each of the acts of Officers Devincentis and John Doe were performed in the course of their employment with Town of Cheektowaga and Cheektowaga Police Department, and under the color and pretense of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, County of Erie, and Town of Cheektowaga, and under their authority and within the scope of their employment as police officers.

6. Each of the acts alleged herein of Officers Devincentis and John Doe constituted state action.

7. Alternatively, each of the acts of Officers Devincentis and John Doe were done maliciously, intentionally, wantonly, and/or negligently, and performed outside the scope of their respective employment with Town of Cheektowaga and Cheektowaga Police Department.

8. Plaintiff sues Officers Devincentis and John Doe, public employees, in both their official and individual capacities.

{H1692903.1}                                                                        3

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
4 of 11

9. This action arises under New York State law and under the United States Constitution, particularly under the provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution and under Federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

10. Upon information and belief, and at all relevant times stated herein, Town of Cheektowaga and Cheektowaga Police Department had a policy and custom of unreasonably seizing and detaining citizens and of generally disregarding the rights of citizens under the United States Constitution.

## BACKGROUND APPLICABLE TO ALL CLAIMS

11. On or about August 17, 2014, Plaintiff resided at 10 Miller Street, Depew, New York 14043.

12. On or about August 17, 2014, Plaintiff was lawfully at his residence when, upon information and belief, Officers Devincentis and John Doe, arrived and knocked on the door of Plaintiff's residence.

13. Upon information and belief, Officers Devincentis and John Doe were on-duty police officers of Cheektowaga Police Department when they confronted Plaintiff.

14. Plaintiff was unaware as to why Officers Devincentis and John Doe were at his residence.

15. Upon information and belief, Officer Devincentis' first words to Plaintiff were: "I saw the video."

16. Officers Devincentis and/or John Doe did not specify who and/or what video Officer Devincentis was referring to nor did they make a statement in regards to the content of the alleged video.

{H1692903.1}                                                    4
HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
5 of 11

17. Upon information and belief, Officers Devincentis and John Doe requested to enter Plaintiff's residence, which Plaintiff permitted.

18. Upon information and belief, upon entering Plaintiff's residence, Officers Devincentis and John Doe became confrontational and, without explanation, asked Plaintiff to turn around and put his hands behind his back, whereupon Officer Devincentis handcuffed Plaintiff.

19. Upon information and belief, Officers Devincentis and John Doe escorted Plaintiff to a Town of Cheektowaga police vehicle.

20. Upon information and belief, shortly thereafter, Plaintiff was escorted into the Cheektowaga Police Department vehicle. While in the vehicle, Plaintiff observed Officer Devincentis place a phone call on his personal cell phone to a woman named Megan Kline ("Ms. Kline"), an acquaintance of Plaintiff, stating "we have him".

21. Throughout the foregoing, Plaintiff was never informed by Officers Devincentis and/or John Doe as to why he was being arrested.

22. Plaintiff was charged with criminal mischief in the third degree. Said charge was based upon the false allegations of Tyler E. Gajewski ("Mr. Gajewski").

23. According to Mr. Gajewski's deposition statement, Plaintiff slashed the front tire of Mr. Gajewski's motorcycle.

24. Further, Mr. Gajewski falsely accused Plaintiff of "stalking" Ms. Kline, Mr. Gajewski's alleged "ex-girlfriend".

25. Plaintiff was not associated with or aware of Mr. Gajewski's identity prior to receiving notice of the criminal charge pressed against him.

{H1692903.1}

5

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
6 of 11

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: UNREASONABLE SEIZURE AND DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW

26. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "25" as if fully set forth herein.

27. At the time Officers Devincentis and John Doe placed Plaintiff under arrest, they did not have reasonable suspicion that Plaintiff had committed, was committing, or was about to commit a crime.

28. At the time Officers Devincentis and John Doe held and detained Plaintiff, said Defendants did not have probable cause or reasonable suspicion to hold and detain Plaintiff.

29. Said Defendants, as officers, agents, and/or employees of Town of Cheektowaga, and while acting under color of state law, unreasonably detained Plaintiff without probable cause, in direct violation of Plaintiff's civil rights under the Fourth and Fifth Amendments of the United States Constitution, as applied to the states by the Fourteenth Amendment of the United States Constitution, to be secure against unreasonable seizure of his person.

30. Said seizure and detention was prolonged, intrusive, unjustified, and served no governmental purpose.

31. The aforesaid conduct employed prior to and during the detainment of Plaintiff by Officers Devincentis and John Doe was in direct violation of Plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution to be secure against deprivations of liberty without due process of law.

32. The aforesaid conduct of Officers Devincentis and John Doe was pursuant to a policy and custom of Town of Cheektowaga.

{H1692903.1}                                                                                          6

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
7 of 11

33. As a result of the foregoing, Plaintiff has been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST

34. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "33" as if fully set forth herein.

35. On or about August 17, 2014, Plaintiff was arrested by Officers Devincentis and John Doe wrongfully, unlawfully, maliciously, and without any warrant, reasonable suspicion, probable cause or pretense of any legal process, arrested Plaintiff, depriving him of his liberty.

36. The aforesaid actions of the individual Officers were performed in the furtherance of their respective employment with Town of Cheektowaga and Cheektowaga Police Department.

37. As a result of the foregoing, Plaintiff has been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE IMPRISONMENT

38. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "37" as if fully set forth herein.

39. On or about August 17, 2014, Officers Devincentis and John Doe placed Plaintiff in handcuffs and confined him to a Town of Cheektowaga police vehicle.

40. Plaintiff was conscious of said confinement.

{H1692903.1}                                                                                7

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
8 of 11

41. Plaintiff did not consent to said confinement.

42. Said confinement was a restraint on Plaintiff's liberty in excess of what was necessary and proper.

43. Said Officers' confinement of Plaintiff was not privileged, as there was no lawful purpose for same.

44. The aforesaid actions of the aforesaid individual Officers were performed in the furtherance of their respective employment with Town of Cheektowaga and Cheektowaga Police Department.

45. As a result of the foregoing, Plaintiff has been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: MALICIOUS PROSECUTION

46. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "45" as if fully set forth herein.

47. On or about August 17, 2014, Officers Devincentis and John Doe unlawfully, maliciously, and without probable cause, charged Plaintiff with criminal mischief in the third degree.

48. Thereafter, said charge resulted in an Adjournment in Contemplation of Dismissal Hearing, pursuant to § 170.55 of New York Criminal Procedure Law, in or about May of 2016.

49. The commencement of the aforesaid criminal action was without probable cause and without any hope of success.

{H1692903.1}                                                                    8

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
9 of 11

50. As a result of the foregoing, Plaintiff has been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE INVIDIVUDAL DEFENDANTS: NEGLIGENT HIRING, TRAINING, AND SUPERVISION

51. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "50" as if fully set forth herein.

52. Upon information and belief, Town of Cheektowaga and Cheektowaga Police Department, their agents, servants, and employees, hired Officers Devincentis and John Doe to perform work as police officers for Town of Cheektowaga and Cheektowaga Police Department.

53. Upon information and belief, the Town of Cheektowaga and Cheektowaga Police Department, their agents, servants, and employees, trained Officers Devincentis and John Doe to perform work as police officers of Town of Cheektowaga and Cheektowaga Police Department.

54. Town of Cheektowaga and Cheektowaga Police Department were negligent in the hiring of Officers Devincentis and John Doe in that they knew, or in the exercise of reasonable care should have known, that said Officers did not possess the temperament and psychological makeup to properly carry out their duties as responsible and law abiding police officers.

55. Town of Cheektowaga and Cheektowaga Police Department were negligent in the training of Officers Devincentis and John Doe in that they failed to train said Officers in the proper bases for making arrests and in the rights of citizens under the United States Constitution in general and how to otherwise properly carry out their duties as responsible and law abiding police officers.

{H1692903.1}

9

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

10 of 11

56. Town of Cheektowaga and Cheektowaga Police Department were negligent in the supervision of Officers Devincentis and John Doe in that they permitted said Officers to detain and arrest citizens without probable cause or reasonable suspicion; encouraged an atmosphere of disregard of the rights of citizens under the United States Constitution; and failed to discipline police officers who committed such offenses.

57. As a result of the foregoing, Plaintiff has been injured and damaged, and subjected to humiliation and embarrassment, all to Plaintiff's damage in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction, and for such other and further relief to Plaintiff as this Court deems just and proper.

DATED: August 11, 2017
Amherst, New York

*[signature]*

Steven M. Cohen, Esq.
HOGANWILLIG, PLLC
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
scohen@hoganwillig.com

{H1692903.1}

10

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

11 of 11